IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SETH PAULSON,

                         Plaintiff,

        v.                                                OPINION & ORDER

ROY PETRONOVICH, JAMES EWER,                              17-cv-97-jdp
HILLARY BROWN, REED RICHARDSON,
CLAIRE HICKEY, DIANE MASON, and
MICHAEL KASTEN,

                         Defendants.[1]

Pro se plaintiff Seth Paulson is a state prisoner currently housed at the Oregon Correctional Center (OCC). I granted him leave to proceed on a due process claim against defendant Wisconsin Department of Corrections (DOC) officials. He alleges that while he was housed at the Stanley Correctional Institute (SCI), defendants took his guitar cord and refused to return it despite being ordered to do so. Defendants now move to dismiss Paulson's complaint under Federal Rule of Civil Procedure 12(b)(1). They contend that this court lacks subject matter jurisdiction over the case because they have returned Paulson's guitar cord, rendering his case moot. Dkt. 13. I conclude that Paulson retains his claim for damages, so I will deny defendants' motion to dismiss.

BACKGROUND

I draw the following facts from Paulson's complaint and evidence submitted on the issue of mootness. *See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir.

---

[1] I have updated the caption to reflect defendants' full names.

2007) ("When [considering a 12(b)(1) motion,] a district court must accept as true all well-pleaded factual allegations and draw all inferences in favor of the plaintiff [and] may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999))).

On November 7, 2016, defendant Correctional Officer Petronovic confiscated a guitar effects pedal and cord from Paulson's cell at SCI. Paulson tried to get the items back, explaining that they were "grandfathered in." Dkt. 1, at 2. After Paulson filed a grievance, defendant Hickey determined that the items were "grandfathered," and ordered the guitar effects pedal be returned to Paulson. *Id*. at 3. But she refused to return the cord because it was a "class-'A' tool." *Id*. Paulson appealed the partial denial of his grievance, and on December 13, 2016, a designee of DOC secretary Jon E. Litscher ordered that the cord be returned. Paulson's cord was returned on January 30, 2017. Dkt. 14, ¶ 5.

## ANALYSIS

Defendants argue that Paulson's claim is moot because his guitar cord has been returned. A case becomes moot—and therefore must be dismissed—when "the issues presented are no longer live or the parties no longer have a legally cognizable interest in the outcome." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). Claims for injunctive relief are mooted when the allegedly unconstitutional act stops and cannot reasonably be expected to reoccur because "there is no need to enjoin prospective action that would violate federal law." *Wernsing v. Thompson*, 423 F.3d 732, 744 (7th Cir. 2005). But claims for monetary damages "are not moot, even if the underlying misconduct which caused the injury has ended." *Id.* at 745; *see*

*also Markadonatos v. Village of Woodridge*, 760 F.3d 545, 546 (7th Cir. 2014) (per curium) ("Although the ordinance has been repealed and the repeal moots the plaintiff's request for declaratory and injunctive relief, it occurred after he paid his $30 and so does not nullify his claim for damages.").

That's the case here. Injunctive relief would no longer be appropriate because defendants have returned the guitar cord to Paulson. There's no reasonable expectation that defendants will confiscate the cord again. But Paulson's claims for damages are not moot. He seeks both compensatory and punitive damages for the time during which he was deprived of his property without due process of law. *See* Dkt. 1, at 5. The fact that the period of deprivation was brief and has ended does not nullify his claim for damages. Paulson is barred by 42 U.S.C. § 1997e(e) from recovering damages for mental and emotional injuries without a corresponding physical injury, but he could still recover nominal and punitive damages. *See Rasho v. Elyea*, 856 F.3d 469, 477 (7th Cir. 2017); *Calhoun v. DeTella*, 319 F.3d 936, 941–42 (7th Cir. 2003). So I will deny defendants' motion to dismiss.

ORDER

IT IS ORDERED that defendants' motion to dismiss, Dkt. 13, is DENIED.

Entered October 25, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge